**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| FIFTH THIRD BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 10-C-2188 |
| | ) | |
| A QUALITY FLOORS, INC., 1st | ) | Hon. Virginia M. Kendall |
| QUALITY FLOOR, INC., LIVIU | ) | |
| MIHULET, and UNKNOWN OWNERS | ) | |
| and NON-RECORD CLAIMANTS | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR ORDER APPROVING SALE, DISTRIBUTION,
POSSESSION AND ENTRY OF AN IN PERSONAM DEFICIENCY**

Pursuant to 735 ILCS 5/15-1508(b), Plaintiff Fifth Third respectfully moves this Court for an Order Approving the Report of Sale, Distribution, and Possession and entry of an In-Personam Deficiency, jointly and severally, against Defendants A Quality Floors, Inc. and Liviu Mihulet.  In support thereof, Fifth Third states as follows:

1.      On August 12, 2010, this Court entered a Judgment of Foreclosure and Order of Sale and to Appoint a Sales Officer for the property commonly known as 6815 Carpenter Road, Skokie, IL (the "Property") in the amount of $1,339,013.15. (A true and correct copy of the Judgment is attached hereto as Exhibit A).

2.      The Property is an investment property owned by Defendant Liviu Mihulet with a single family home on the premises.  The Property is not residential real estate as defined in 735 ILCS 5/15-1219.  Liviu Mihulet, as mortgagor, has waived all rights of redemption by express waiver as stated in Article 5/8 of the mortgage.  (Judgment ¶ 24).

3.      As of the date of the sale, there was due and owing to Fifth Third Bank the sum of $1,372,040.18.  This sum includes:

| a. | The amount due under August 12, 2010 judgment: (less attorney's fees) | $1,309,482.15 |
| b. | Interest from date of judgment to date of sale: | $16,699.76 |
| c. | Attorney's fees to date of judgment: | $29,531.00 |
| d. | Publication costs: | $500.00 |
| e. | Attorney fees since date of judgment: | $5,151.68 |
| f. | Back property taxes: | $9,325.59 |
| g. | Property insurance: | $600.00 |
| h. | Appraisal | $750.00 |

4.      A Judicial Sale was held on November 8, 2010, notice of which was published in the Skokie Review and the Chicago Daily Law Bulletin.  (True and correct copies of the Certificates of Publication are attached as Group Exhibit B).

5.      At the Judicial Sale, Plaintiff Fifth Third was the purchaser of for its credit bid amount of $275,000.  (A true and correct copy of the Report of Sale and Distribution, the Receipt of Sale, and the Certificate of Sale are attached as Group Exhibit C).

6.      This bid amount of $275,000 was reached by taking into consideration the appraised value of the Property, anticipated repairs to the Property, anticipated accrued Cook County real estate taxes for 2010 due in calendar year 2011 for $9,325.59, and determining a reasonable and competitive base market price of $299,000.00, less a 5% sales commission that Fifth Third anticipates paying to real estate brokers as a standard commission on the future sale of the Property at a $299,000.00 sales price.

7.      Accordingly, Fifth Third alleges there exists a deficiency of $1,097,040.18, which equals the amount of $1,339,013.15, including attorneys' fees, entered in the Judgment of Foreclosure plus interest accrued since judgment ($16,699.76), attorney's fees accrued since

judgment ($5,151.68), back property taxes ($9,325.59), publication costs ($500.00), insurance ($600.00), and an appraisal ($750.00) minus the bid price of $275,000.

8. On July 6, 2010, this Court found that Defendants A Quality Floors, Inc. and Liviu Mihulet were duly served with process and the Complaint, and entered an Order finding both of them to be in default for his failure to answer or otherwise respond to the Complaint, and entered an order of Default against them under Federal Rule of Civil Procedure 55(a).

9. Accordingly, due to A Quality Floors, Inc. default under the terms of the Promissory Note (Count I) and Liviu Mihulet's default under the Guaranty (Count II), Fifth Third Bank seeks the entry of a judgment in the amount of $$1,097,040.18 against A Quality Floors, Inc. and against Liviu Mihulet, jointly and severally.

10. In its Order Approving Report of Sale and Entry of an In-Personam Deficiency judgment of $1,097,040.18, Fifth Third requests that it be granted a judicial deed and immediate possession of the Property from Defendant Liviu Mihulet.  (A copy of Fifth Third's proposed Order is attached  as Exhibit D).

For relief, Plaintiff, Fifth Third respectfully requests entry of the attached Order Approving Sale and Distribution Confirming Sale and Order of Possession to Fifth Third, and entry of an in personam deficiency judgment of $$1,097,040.18, jointly and severally, against Defendant A Quality Floors, Inc. and Defendant Liviu Mihulet,  for the Court to direct InterCounty Judicial Sales to issue  a judicial deed to Fifth Third  and for any other appropriate relief.

Dated:  November 22, 2010

Respectfully Submitted,

FIFTH  THIRD BANK

By:  /s/ Scott P. Clair
      One of its Attorneys

Todd A. Rowden
Scott P. Clair
Thompson Coburn LLP
55 East Monroe Street
37th Floor
Chicago, IL 60603
312-346-7500